UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X  Docket No.: 23-CV-08685 (MKV)

D.C. KEENAN & ASSOCIATES

                              Petitioners,

-against-

CHARLES WISELL and LISPSIG SHAPEY
MANUS & MOVERMAN, P.C.

                              Respondents.
------------------------------------------------------------X

# DECLARATION OF KENNETH J. GORMAN IN OPPOSITION TO PETITION TO CONFIRM ARBITRATION AWARD AND IN SUPPORT OF CROSS-MOTION TO VACATE AND/OR MODIFY THE ARBITRATION AWARD

I, KENNETH J. GORMAN, declare as follows:

1)     I am an attorney at law, duly admitted to practice before this Court. I am of counsel to Pollack, Pollack, Isaac & DeCicco, LLP, attorneys for Respondents Charles Wisell and Lipsig Shapey Manus & Moverman, P.C. in the instant action. I have personal knowledge of the facts set forth below and in in the accompanying memorandum of law.

2)     Respondents attach the following exhibits in opposition to Petitioner's motion and in support of the instant cross-motion:

    **Exhibit 1:**     Fee Agreement dated December 4, 2019.

    **Exhibit 2:**     Summons and Complaint dated April 15, 2019.

    **Exhibit 3A:**     Verified Answer with Combined Demand dated July 1, 2019.

    **Exhibit 3B:**     Verified Bill of Particulars dated January 7, 2020.

    **Exhibit 4:**     Supplemental Verified Bill of Particulars dated February 26, 2020.

    **Exhibit 5:**     Second Supplemental Verified Bill of Particulars dated October 8, 2020.

1

| | |
|---|---|
| **Exhibit 6:** | Amended Verified Bill of Particulars dated June 22, 2020. |
| **Exhibit 7:** | Letter with Check to Dr Wakeler – Narrative dated March 11, 2020. |
| **Exhibit 8:** | Medical Exchange dated April 21, 2020. |
| **Exhibit 9:** | Charles Wisell's photo on Keenan Trial Institute's website. |
| **Exhibit 10:** | Witness Statement of Jose Cajal dated May 19, 2020. |
| **Exhibit 11:** | Plaintiff Gabriel Vidal's EBT Transcript dated August 21, 2020. |
| **Exhibit 12:** | Gabriel HITS Draft dated July 30, 2020. |
| **Exhibit 13:** | August 14, 2020 Email. |
| **Exhibit 14:** | Email to Mindy Bish dated August 21, 2020. |
| **Exhibit 15:** | EBT Transcript of Richard Podpirka dated September 10, 2020. |
| **Exhibit 16:** | Notice of Videotaped Deposition dated August 7, 2020. |
| **Exhibit 17:** | August 31, 2020 Email Request to Speak to Mr. Keenan. |
| **Exhibit 18:** | Email Draft of HITS Vidal dated August 31, 2020. |
| **Exhibit 19:** | September 1, 2020 Email from Wisell requesting to discuss case with Mr. Keenan. |
| **Exhibit 20:** | Plaintiff's Motion for Summary Judgment dated September 24, 2020. |
| **Exhibit 21:** | November 2, 2020 Email from Wisell – Reminder of Previous Request to Speak to Keenan. |
| **Exhibit 22:** | March 12, 2021 Email from Wisell – Request to Discuss Case with Keenan and Bish. |
| **Exhibit 23:** | March 12, 2021 Email from Wisell – Request to Speak with Keenan and Providing Cellphone Number. |
| **Exhibit 24:** | March 12, 2021 Email. |
| **Exhibit 25:** | June 10, 2021 Email from Wisell – Request to Have Keenan Give Him a Call. |

| | |
|---|---|
| **Exhibit 26:** | Note of Issue in underlying action dated November 12, 2021. |
| **Exhibit 27:** | Emails dated December 27, 2021, January 1, 2022, January 10, 2022, January 25, 2022 and February 4, 2022. |
| **Exhibit 28:** | January 10, 2022 Email from Wisell – Request to Work Directly with Keenan Only. |
| **Exhibit 29:** | Decision and Order granting Vidal Summary Judgment dated June 28, 2022. |
| **Exhibit 30:** | July 13, 2022 Termination Letter with Return Envelopes. |
| **Exhibit 31:** | May 1, 2023 Email. |
| **Exhibit 32:** | Lipsig PowerPoint Presentation. |
| **Exhibit 33:** | Letter from Insurance Company dated July 6, 2022. |
| **Exhibit 34:** | December 13, 2019 Email. |
| **Exhibit 35:** | Referral Cases Keenan Law Group. |
| **Exhibit 36:** | Transcript of Arbitration Proceedings dated June 22, 2023 (selected portions attached – application to submit under seal made on November 8, 2023). |
| **Exhibit 37:** | Wisell's Arbitration Statement. |
| **Exhibit 38:** | Wisell's Closing Statement. |
| **Exhibit 39:** | Keenan Law Firm Arbitration Memorandum. |
| **Exhibit 40:** | Keenan Law Firm Closing Memo |

3) On April 15, 2019, Charles Wisell ("Wisell") through his firm, and Lipsig Shapey Manus & Moverman, PC ("Lipsig") commenced the underlying personal injury action entitled Vidal v. JRC Management, LLC. et al., in Supreme Court, Queens County, Index No. 706681/2019 (the "Vidal Matter"). Weisel had an agreement with the Lipsig firm to spit the fee 50-50 (**Exhibit 36**, Transcript, pp. 162-163).

4) On or about December 4, 2019, Wisell entered into a Consult Contingent Fee Agreement ("Agreement") with the petitioner, D.C. Keenan & Associates ("Keenan") (Petitioner's Exhibit A, Retainer Agreement).

5) The Agreement required Keenan to perform specific, particularized services in connection with the Vidal Matter. Pursuant to the Agreement, Keenan would receive 30% of any recovery by Wisell in the Vidal Matter in exchange for performance of the following: "early focus groups, assistance in the rules, codes, bumper sticker, input on witness preparation and deposition hit list, in put on ADR strategy and consultation throughout trial including guidance on opening statements, voir dire, direct examination of witnesses to include medical and ex pert witnesses at trial, preparation of client and witnesses for deposition and trial, closing arguments, and demonstrative evidence" (Petitioner's Exhibit A, Retainer Agreement, p.1).

6) On July 13, 2022, Wisell terminated the agreement for cause. Wisell advised that he and Mr. Keenan had "not had a single conversation regarding Mr. Vidal or his case," and he had not entered into the agreement with Ms. Bish, an employee of petitioner, who is not admitted in the state of New York (**Exhibit 38**, Closing Statement, pp. 2, 4).

7) The underlying personal injury action was resolved on or about January 25, 2023 (Petition, ¶15). A dispute arose concerning the fee distribution (id., at ¶16). Despite Wisell's efforts to resolve the dispute amicably, petitioner demanded arbitration (**Exhibit 38**, Respondent's Closing Statement, pp. 2, 4).

8) Pursuant the agreement's "Dispute" provision, the parties to the arbitration appointed the Honorable David B. Saxe (retired) to act as Arbitrator (Petition, ¶17). The hearing was held on June 22, 2023 at the offices of Morrison Cohen LLP in New York, New York (Petition, ¶21).

9) Prior to taking testimony at the arbitration hearing, the arbitrator, Justice Saxe, clarified that Keenan was seeking 30 percent of Wisell's fee (**Exhibit 36**, Transcript, p. 14). In response, Mindy Bish, managing partner at Keenan stated "[t]hat is correct 30 percent of his fee" (id.). Justice Saxe pointed out that "Charles Wisell's name is printed in there and then it says" "Attorney" "of the Lipsig Firm" (id.). Justice Saxe further noted that the agreement stated, "30 percent of all attorney's fees received by the attorney" and that "Charles Wisell is defined as the attorney" (**Exhibit 36**, Transcript, p. 16).

10) Lipsig did not sign the agreement, was never served with a notice of intention to arbitrate and was not a party to the arbitration proceeding. Justice Saxe correctly stated that because Ms. Bish "drafted the agreement" "it has to be construed against your interests" (**Exhibit 36**, Transcript, p. 18).

11) On August 9, 2023, the Arbitrator issued the Award. The Award found Wisell was obligated to remit to Keenan $268,028.02, which the arbitrator stated was 10% of the legal fee received by Lipsig, though it was not a party to the Agreement or the arbitration proceedings in connection with <u>Vidal v. JRC Management, et. al.</u>, Supreme Court of New York, Queens County Index Number 706681/2019 (Petitioner's Exhibit C, 8/9/23 Arbitration Decision).

12) As Lipsig was not a signatory to the Agreement, was not served with a notice to arbitrate and was not a party to the arbitration proceedings, respondents cross-move to vacate the award on the ground that the arbitrator did not have the authority to remit 10% of the legal fee received by Lipsig as the attorney of record in Vidal to Keenan.

13) Moreover, the award is irrational as Lipsig split the fee with Wisell and thus, 10% of Lipsig's fee is $134,014.01, not $268,028.02. The Agreement only authorized the arbitrator to make an award based on the fee Wisell received in the case.

14) As to Wisell, in the event the Court declines to vacate the award, the record establishes that Keenan materially breached the consulting agreement by non-performance such that, at most, the arbitration award should be reduced from $268,028.02 to $134,014.01, 10% of Wisell's fee.

15) Attached are the following documents which are submitted in opposition to the petition confirm the arbitration award and in support of respondents' cross motion to vacate and/or modify the award.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 8th day of November 2023, in New York, New York.

                                                     **Kenneth J. Gorman, Esq.**